[Civ. No. 2583.   Second Appellate District, Division One.—January 2,
1919.]

VICTORIA PARK COMPANY (a Corporation), et al., Re-
spondents, v. THE CONTINENTAL INSURANCE
COMPANY OF NEW YORK (a Corporation), Appel-
lant.

FIRE INSURANCE — AMOUNT OF LOSS — ASSENT TO — VALIDITY OF CON-
TRACT.—A provision in a fire insurance policy that the insurer shall
be deemed to have assented to the amount of the loss claimed by the
insured in a preliminary proof of loss required by the policy, unless,
within a specified time, the insurer shall notify the insured in writing
of its disagreement with the amount claimed, and also of the
amount admitted by the insurer, is a binding condition of the con-
tract, and cannot be viewed in any sense as directory.

ID.—FAILURE TO GIVE NOTICE OF DISAGREEMENT.—Where, in an action
on a fire insurance policy containing such a provision, the prelimi-
nary proof of loss stated, among other things, the value of the
property and the fact that the loss was total, and the only excep-
tion by the insurer was a letter to the insured stating that the
insurer "was criticising section 'C'" (the section of the proof of
loss containing the statement as to the amount of damage suffered)
and was "also criticising the elimination of the date of the fire,"
such letter did not notify the insured of the insurer's partial or
total disagreement with the amount stated, and the insurer was
deemed to have assented to the amount of the loss claimed.

ID.—EVIDENCE—NEGOTIATIONS FOR ADJUSTMENT—OBJECTIONS PROPERLY
SUSTAINED.—In such action the trial court was correct in sustaining
objections to an offer made by the defendant insurer to prove that,

prior to the filing with it of the verified preliminary proof of loss, it had had negotiations with the selling agent and the treasurer of the plaintiff (a corporation), and that negotiations were in progress looking to an adjustment of the amount of the loss, since in making that offer, the defendant did not offer to show that the persons with whom it was dealing had any authority, and from the character of the offices held by them there would be no presumption that they possessed authority to make any binding engagement in that behalf.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Bicksler & Smith for Appellant.

Edwin A. Meserve and Shirley E. Meserve for Respondents.

JAMES, J.—Appeal from a judgment entered in favor of plaintiffs. The action was brought to recover on two policies of fire insurance. The policies were respectively in the amounts of four thousand and five thousand dollars, each covering the same building. The policies in form were as is prescribed by the statute of this state and are designated "the California Standard Policy." The policies contained the stipulation that in case of loss the insured must give to the company written notice thereof and, within ten days after the commencement of the fire render to the company verified preliminary proof of loss, setting forth certain prescribed things. This provision is also contained in the policies: "If the company claims that the preliminary proof of loss is defective and within five days after the receipt thereof notifies in writing the insured, or the party making such proof of loss, of the alleged defects (specifically stating them) and requests that they be remedied by verified amendments the insured or such party within ten days after the receipt of such notification and request must comply therewith, or if unable so to do, present to the company an affidavit to that effect." A further provision of the policies was as follows: "This company shall be deemed to have assented to the amount of the loss claimed by the insured in his preliminary proof of loss, unless within twenty days after the receipt thereof, or if verified amendments have been requested, within twenty days after their receipt, or within twenty days after the receipt of an affidavit

that the insured is unable to furnish such amendments, the
company shall notify the insured in writing of its partial or
total disagreement with the amount of loss claimed by him
and shall also notify him in writing of the amount of loss, if
any, the company admits on each of the different articles or
properties set forth in the preliminary proof or amendments
thereto.'' Other provisions contained in the policies provided,
in case of a dispute as to the amount of loss, for the arbitra-
tion of the same, and certain options were given to the insurer
as to rebuilding or replacing the structure destroyed or dam-
aged. In order to exercise any of such options a term of the
policies required that the insurer company give notice to the
insured within twenty days after receipt of the preliminary
proof of loss. There was no issue in the case as to the fire hav-
ing occurred as alleged by the plaintiffs. Defendant, how-
ever, set forth in its answer that the total loss occasioned by
the fire was the sum of $6,148.78. In the preliminary proof of
loss as furnished by the plaintiff, Victoria Park Company
(the interest of plaintiff Buttolph being that of mortgagee
only), which was verified by the secretary of the corporation,
the clause referring to the amount of loss was as follows: ''The
cash value of the dwelling destroyed was about $17,500. The
loss was total.'' The proof of loss was not excepted to by the
insurer, except that ten days after its receipt a letter, signed
by the agent of the insurer company, was written to the plain-
tiff company and contained the following statements:

''We beg to advise you that through Adjuster George L.
McIntire and Agent Matt T. Mancha personal interviews have
passed between your company and the two said parties. The
adjustment was taken up and the damage to the property
estimated, so that we now have our figures which we are pre-
pared to adjust at your earliest convenience. According to
your documents we are criticising section 'C,' and we are also
criticising the elimination of the date of the fire. Our con-
tractor is a man of reputation and will file a bond to repair
every damage caused by the fire, in full compliance with the
terms of the policy.''

The section ''C'' of the proof of loss was that containing the
statement as to the amount of damage suffered which we have
quoted. No other written exception was taken to plaintiff's
proof of loss, and upon that condition of facts the trial judge
held in effect that under the terms of the policies the insurer

should be "deemed to have assented to the amount of the loss claimed," for the reason that it did not notify the insured in writing of its partial or total disagreement with the amount stated. We are in entire agreement with the conclusion of the trial judge that the statement in the letter of the insurer dispatched after receipt of the preliminary proof of loss, to wit, "according to your documents we are criticising section 'C' and we are also criticising the elimination of the date of the fire," does not express any disagreement with the amount stated by the plaintiff company, either as to the whole or any part of the loss. It will be remembered that the total amount of insurance covering expressed by the two policies was nine thousand dollars, while the loss suffered was stated as being about seventeen thousand five hundred dollars. The term of the policies which required the insurer to express its disagreement with the amount of loss claimed within the specified time, otherwise it should be deemed to have assented thereto, was a binding condition of the contract. It meant exactly what it expressed, or it meant nothing. It cannot be viewed in any sense as directory; that term is inapplicable to contract conditions entered into understandingly by the parties thereto and which appear to be of material import as affecting the rights of the contractors. Defendant offered to prove that prior to the filing with it of the verified preliminary proof of loss it had had negotiations with one Barry and one Watson, respectively the selling agent and treasurer of plaintiff company, and that negotiations had been and were in progress looking to an adjustment of the amount of the loss, either by payment of money or rebuilding the structure destroyed. Appellant in making that tender did not offer to show that these persons with whom it was dealing had any authority to bind the insured, and from the character of the offices held by Barry and Watson there would be no presumption that they possessed authority to make any binding engagement in that behalf. We think the rulings of the trial judge in sustaining objections to the offers made were correct. If the insurer had assumed in good faith that Watson and Barry possessed authority to negotiate for a settlement of the claims, it was put upon notice later by the service of the verified proof of loss as to what the amount of damage, as asserted by plaintiff company, was. At that time it should have, in keeping with the requirements of the contract of insurance,

specifically announced its disagreement with the amount of the claim, in whole or in part, and stated particularly what amount it did admit should be paid to the insured. We think that, as we have before stated, the letter which was written by the appellant to the plaintiff company upon receipt of the verified proof of loss, was not sufficient to relieve defendant from the effect of that term of the policies which stipulated to work an assent to the amount claimed. If we are correct in this conclusion, the case of appellant requires no further consideration.

The judgment appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.